UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EDWARD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3242 |
| | ) | |
| ALEX DAWSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Lawrence Correctional Center, pursues procedural due process claims arising from a prison disciplinary hearing and punishment.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On April 6, 2011, Defendant Standley wrote Plaintiff a disciplinary report charging Plaintiff with contraband, abuse of privileges, conspiracy, violating state or federal laws, and trading or trafficking. (Offender Disciplinary Report, d/e 6, p. 6-7.) The report states in relevant part:

> Through an investigation and inmate JORDAN'S (B42953) own admission it has been substantiated that JORDAN violated the above Department Rules. Jordan stated that he did arrange for contraband to be sent into Logan Correctional Center by his wife DENISE JORDAN through a girl named JEWEL. JORDAN stated that "ABDUL" brought the stuff

back to him. JORDAN identified "ABDUL" as inmate MCGEE. JORDAN stated that he did receive four or five magazines . . ., cologne, teeth whiteners, toothpaste, (2) toothbrushes, (1) bottle of Listerine mouthwash, and a pair of glasses witth [sic] transition lenses not available at Logan C.C. it should be noted that all the above mentioned stuff was confiscated from JORDAN'S property in cell 11-N-12. JORDAN stated that he did ask DENISE to help MOORE (N50682) get stuff in through MOORE'S wife GEORGIA.

*   *   *

It should be noted that this Investigator contacted the Health Care Unit and verified that the Transition Lense [sic] Glasses would not have been issued from the HCU at Logan. JORDAN stated that he does not know how MCGEE and JEWEL were getting the contraband into Logan C.C. as he was working with MCGEE and no one else. It should be noted that JORDAN violated the above department Rules as well as the State Statute concerning Conspiracy to bringing contraband into a State Penal Institution 720 ilcs 5/82. It should be noted that JORDAN used the telephone system and Postal Service to facilitate introduction of said contraband into a State Penal institution. JORDAN was positively identified using his State ID.

Plaintiff was served with the disciplinary report on April 6, 2011. On April 11, 2011, a disciplinary hearing was held on the charges, and Plaintiff was found guilty of all charges. He received a disciplinary transfer, one year of segregation, demotion to C grade for one year, and the revocation of one year of good conduct credit. (Adjustment

Committee Final Summary Report, d/e 5, p. 8.) However, that revocation of good time was ultimately reduced to one month. (Disciplinary Reduction Notification, d/e 5, p. 3.) Plaintiff alleges that 15 additional days of good conduct credit has since been restored and his request for restoration of the remaining 15 days is pending.

Plaintiff filed this case seeking damages and the restoration of privileges, alleging various procedural infirmities which are discussed in more detail below.

## ANALYSIS

Procedural due process rights are not triggered unless the deprivation suffered amounted to an "atypical and significant deprivation." One year of segregation meets this standard. Toston v. Thurmer, 689 F.3d 828, 832 (7th Cir. 2012)(remanding for determination whether 90-day segregation amounted to deprivation of constitutional liberty interest)(*citing* Rowe v. DeBruyn, 17 F.3d 1047, 1053 (7th Cir. 1994)(year of disciplinary segregation triggered procedural due process protections); Marion v. Columbia Correctional Inst., 559

F.3d 693 (7th Cir. 2009)(remanding for a determination whether 240 days in segregation arose to an "atypical and significant deprivation"). Accordingly, Plaintiff was entitled to 24-hour written notice of the charges, a meaningful opportunity to appear and present evidence in his defense (subject to legitimate correctional concerns), an impartial decisionmaker, and a statement of reasons for the disciplinary findings. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). The findings against him must have also been supported by "some" evidence. Id.; McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

However, if a judgment in Plaintiff's favor on his claims would imply that his good time should be restored, then his claims cannot proceed until Plaintiff has successfully challenged that revocation through other means, such as through available state court remedies and a federal habeas action. Lusz v. Scott, 126 F.3d 1018 (7th Cir. 1997)(plaintiff's § 1983 claims that he was not allowed to call witnesses and that hearing officer was biased were barred because those claims implied that his good time should not have been revoked). Though Plaintiff's good time has

mostly been restored, 15 days remain revoked.  Therefore, the question is whether Plaintiff's claims discredit the validity of that revocation.

Plaintiff's first procedural due process challenge regards his right to adequate notice.  He asserts that he lacked adequate notice of the charges because the dates and times of when Plaintiff allegedly violated the rules were not listed in the disciplinary report.  Plaintiff also contends that notice was insufficient because the charges were not "properly titled" and the state law violated was not specified.  Plaintiff alleges that the report did not specifically charge him with bringing contraband into a penal institution and that no offense was listed as the object of the conspiracy charged.  Further, Plaintiff asserts that the report did not state the times or dates that Plaintiff allegedly misused his phone and postal privileges.  Lastly, Plaintiff alleges that he never received a copy of his signed admission, which he believes he was entitled to receive 24 hours before the disciplinary hearing.

Depending on the circumstances, a purely procedural claim regarding lack of notice might not necessarily be barred even if good time

was revoked, provided the claim does not challenge, directly or indirectly, anything that happened at the disciplinary hearing, such as Plaintiff's inability to mount a defense.  See Clayton–El v. Fisher, 96 F.3d 236, 243–44 (7th Cir.1995)(complete withholding of notice was immediately cognizable as § 1983 action, but claim that withholding of notice proximately caused disciplinary segregation as a result of disciplinary hearing was barred).

    The Court need not wade into this thicket because, even if Plaintiff's notice claim is not barred, the claim is not viable.  The purpose of the notice requirement is to give Plaintiff "notice of the facts underlying [the] disciplinary charges" in order to enable Plaintiff to prepare a defense.  Here, the incident report against Plaintiff details the facts underlying the charges, accusing Plaintiff of conspiring with McGee to smuggle contraband into the prison (a violation of state law) and using the phone and mail to accomplish that goal.  The lack of specific dates that Plaintiff made phone calls or sent letters in furtherance of the alleged scheme did not deprive Plaintiff of the notice necessary to enable him to

prepare a defense. Additionally, the report referenced Plaintiff's admission, giving Plaintiff notice that the admission would be used against him. In short, Plaintiff had sufficient notice of the facts underlying the charges in order to prepare his defense. Accordingly, Plaintiff states no plausible procedural due process claim based on the alleged lack of adequate notice.

Plaintiff also challenges the disciplinary hearing based on other procedural defects, in particular, a biased decisionmaker. Plaintiff alleges that Defendant Standley, who conducted the investigation and wrote the report, instructed the hearing officers to give Plaintiff one year of punishment across the board. Plaintiff may also be alleging that he was unable to present a meaningful defense because he was not given a copy of his purported written admission or a copy of the investigative report. Plaintiff may also be claiming that the findings were not supported by some evidence.

Whether these allegations state procedural due process claims is unclear, since the Adjustment Committee report concludes that Plaintiff

admitted to having the contraband and admitted to signing a statement. Jones v. Cross, 637 F.3d 841, 846-47 (7th Cir. 2011)(delay in prison disciplinary hearing harmless where no prejudice suffered); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in disciplinary hearings). In any event, claims about a biased decisionmaker, the inability to present a defense, and a lack of evidence to support the charges are all claims which necessarily imply the invalidity of the punishment. *See, e.g.,* Edwards v. Balisok, 520 U.S. 641, 649 (1997)(respondent's [§ 1983] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed [the loss of good time credits], is not cognizable under § 1983); Lusz v. Scott, 126 F.3d 1018, 1022 (7th Cir. 1997). Plaintiff's claims necessarily imply that his good time should be restored, a challenge which can only be pursued in a federal habeas corpus action after the exhaustion of state court remedies.

IT IS THEREFORE ORDERED:

1) The merit review conference scheduled for November 26, 2012 is cancelled.

2) Plaintiff's procedural due process claims regarding lack of adequate notice of the disciplinary charges against him are dismissed for failure to state a claim.  Plaintiff's other procedural due process claims are dismissed without prejudice because the claims necessarily imply the invalidity of the revocation of his good time credits.  This case is closed.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  28 U.S.C. § 1915(b)(1).  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the

appeal.

ENTERED: November 2, 2012

FOR THE COURT:

                              <u>    s/Sue E. Myerscough    </u>
                                  SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE